# United States District Court
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RYAN COLAROSSI | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-627-SDJ |
| | § | |
| STEPHANIE HARRIS | § | |

## ORDER ADOPTING IN PART REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This case was referred to United States Magistrate Judge Christine A. Nowak pursuant to to 28 U.S.C. § 636. Judge Nowak has presented for consideration a Report and Recommendation (Dkt. #8), containing proposed findings of fact and recommendations that Defendant's application to proceed *in forma pauperis* (Dkt. #3) be granted, Defendant's Notice of Removal (Dkt. #1) be dismissed for lack of jurisdiction, and the cause be remanded to the Justice Court, Precinct 3, Place 2 of Collin County, Texas.

Having considered the report of the United States Magistrate Judge, and no objections to the report having been timely filed, the Court **ADOPTS in part** the Report and Recommendation of the Magistrate Judge, **DISMISSES** this case for lack of subject-matter jurisdiction, and **DENIES as moot** Defendant's Motion for Leave to Proceed *in forma pauperis*.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256, 133 S.Ct. 1059, 185 L.Ed.2d 72 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994)). Accordingly, courts have an "independent obligation to assess our own jurisdiction before exercising the judicial power of the United States." *MidCap Media Finance, L.L.C. v. Pathway Data, Incorporated*, 929 F.3d 310, 313 (5th Cir. 2019) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583, 119, S.Ct. 1563, 143 L.Ed.2d 760 (1999)).

"Only state court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (citing 28 U.S.C. § 1441(a)). When an action has been removed to federal court, a district court must remand the case to state court if, at any time before final judgment, it determines that it lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); *see also, e.g.*, *Humphrey v. Tex. Gas Serv.*, No. 1:14-CV-485, 2014 WL 12687831, at *2 (E.D. Tex. Dec. 11, 2014).

Where there is no diversity of citizenship among the parties, a federal court has original jurisdiction over claims that "aris[e] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Arising under" in this context means that the claim must be presented as a part of the plaintiff's well-pleaded complaint, not as an actual or anticipated defense. *See Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152, 29 S.Ct. 44, 53 L.Ed. 126 (1908) ("Although such allegations show that very likely, in the course of the litigation, a question under the Constitution would arise, they do not show that the suit, that is, the plaintiff's original cause of action, arises under the Constitution.").

The instant case is a forcible detainer action between two Texas citizens. (Dkt. #4). "Forcible detainer actions are governed by the Texas Property Code and are questions of state, not federal, law." *Nahlawi v. Burton-Dabney*, No. 4:14-CV-609, 2015 WL 139764, at *2 (E.D. Tex. Jan. 9, 2015) (citing TEX. PROP. CODE ANN. § 24.001, *et seq.*). The Defendant's attempt to remove based on perceived civil rights violations (Dkt. #1) is insufficient to confer jurisdiction. *See Powers v. S. Cent. United Food & Commercial Workers Unions*, 719 F.2d 760, 764 (5th Cir. 1983) ("[N]either the defendant's answer nor its petition for removal may serve as the basis for federal jurisdiction. . . ."). Because the parties are not diverse and the complaint raises no claims arising

under the Constitution or other federal laws, this Court is without subject-matter jurisdiction. The case must, therefore, be remanded to state court.

For these reasons, the Court **ADOPTS in part** the Report and Recommendation of the Magistrate Judge, specifically the Magistrate Judge's recommendation that Defendant's Notice of Removal be dismissed for lack of subject-matter jurisdiction. It is therefore **ORDERED** that Defendant's Notice of Removal (Dkt. #1), purporting to remove Cause Number 32-EV-19-00591, pending before the Justice Court, Precinct 3, Place 2 of Collin County, Texas, is **DISMISSED FOR LACK OF JURISDICTION**. Defendant's Motion for Leave to Proceed *in forma pauperis* (Dkt. #3) is **DENIED as moot**.

**So ORDERED and SIGNED this 16th day of December, 2019.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE